BERNARD ROWLEY, as Public Welfare Officer of the Town of Fabius, Appellant, v. J. GARFIELD FULLER and HERBERT D. WHITMARSH, as Executors, etc.. of JENNIE L. FULLER, Deceased, Respondents.— Judgment and order affirmed, with costs. All concur, except Sears, P. J., and Crosby, J., who dissent and vote for reversal on the facts and for granting a new trial in the following memorandum: Under section 106, subdivision 2, paragraph b, of the Public Welfare Law, it was the duty of the commissioner of public welfare to care for the child pending action by the Children's Court. In performance of this duty the commissioner of public welfare authorized the Onondaga Orphans Home to receive the child into its institution as a charge against the town of Fabius until further notice. The Children's Court has never determined the pending proceeding and the cost of the

support of the child was a proper charge against the town of Fabius. The trial justice submitted to the jury two questions, one as to whether the facts were such as to make the expense of the support of the child a proper charge against the town of Fabius and the other in relation to the financial capacity of the father to support the child. It is impossible to tell on which question the verdict of the jury rests. The first question specified should not have been left to the jury. The cost of the child's support was on this record as matter of law a proper charge against the town. The verdict may, however, have been based entirely on an erroneous finding that the town was not legally liable for the child's support and no finding may have been made as to the financial capacity of the child's father. For this reason a new trial should be granted. If the sole question submitted to the jury had been as to the financial capacity of the father, we would vote for affirmance, for, in our opinion, section 125 of the Public Welfare Law must be read in conjunction with section 106, subdivision 6, paragraph d, thereof, and liability can only be imposed upon a grandparent, secondarily to the liability of a parent. (The judgment is for defendant in an action to recover for the support of an infant from the estate of the grandmother. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.